1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

SHAELYNN L.

Plaintiff,

10

v.

11

COMMISSIONER OF SOCIAL SECURITY,

12

Defendant.

13

CASE NO. C21-0181-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14      Plaintiff appeals a final decision of the Commissioner of the Social Security Administration

15  (Commissioner) denying Plaintiff's applications for Disability Insurance Benefits (DIB) and

16  Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ).

17  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

18  record, this matter is REVERSED and REMANDED for further administrative proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20      Plaintiff was born on XXXX, 1989.[1] Plaintiff has at least a high school education and

21  previously worked as a martial arts instructor, merchandise delivery person, warehouse worker,

22  general inspector/game tester. AR 28–29. Plaintiff filed applications for DIB and SSI on July 25,

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

2019, alleging disability beginning May 12, 2017. AR 16. The applications were denied at the initial level and on reconsideration. On May 29, 2020, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 37–76. On October 7, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 16–31. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 28, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: obstructive sleep apnea; obesity; bipolar disorder; post-traumatic stress disorder (PTSD); and gender dysphoria. AR 19. The ALJ also found that the record contained evidence of a fatty liver and a history of left knee strain but that these impairments did not rise to the level of severe. AR 19.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 19–21.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> she is able to engage in unskilled, repetitive, routine tasks in two-hour increments; no contact with the public; capable of working in proximity to, but not in coordination with, co-workers; can have occasional contact with supervisors.

AR 21. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 28.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as an inspector/hand packager, routing clerk, and agricultural sorter. AR 29–30.

Plaintiff argues that the ALJ (1) erred in failing to fully develop the record and in failing to resolve conflicts and ambiguities at step three; (2) failed to offer clear and convincing reasons

ORDER
PAGE - 3

for discounting Plaintiff's symptom testimony; (3) erred in assigning weight to the opinions of

Dr. Widlan, Dr. Mashburn, and the agency evaluators, and in failing to consider the medical source

statement of Plaintiff's treating psychiatric nurse practitioner, Deidre McHugh, ARNP; (4) failed

to offer germane reasons for discounting lay witness testimony; and (5) erred in posing incomplete

hypotheticals to the VE at step five. Plaintiff requests remand for further administrative

proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence

and should be affirmed.

### 1. Step Three

At step three, the ALJ considers whether one or more of a claimant's impairments meet or

medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings

define impairments that would prevent an adult, regardless of his age, education, or work

experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan*

*v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original) (citations omitted). A mere diagnosis

does not suffice to establish disability; rather, an impairment "'must also have the findings shown

in the Listing of that impairment.'" *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

(quoting 20 C.F.R, § 404.1525(d)). To meet a listing, an impairment "must meet *all* of the specified

medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original). "To equal a listed impairment,

a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and

duration' to the characteristics of a relevant listed impairment . . . ." *Tackett v. Apfel,* 180 F.3d

1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 416.1526); *see also Sullivan*, 493 U.S. at 531 (to

establish equivalency, the claimant "must present medical findings equal in severity to *all* the

criteria" for the listing (emphasis in original)). Plaintiff bears the burden of proof at step three.

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Plaintiff argues that the ALJ erred at step three by failing to fully develop the record and in failing to resolve conflicts and ambiguities. Dkt. 13, at 3–4. Specifically, Plaintiff argues that the ALJ erred by finding that Plaintiff failed to establish the "B" and "C" criteria for a mental health listing under Section 12.00. *Id.* at 3–7. To satisfy the "paragraph B" criteria, the claimant's mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(b), 12.06(b), 12.15(b). Under "paragraph C," the claimant has a "serious and persistent" mental disorder when there is a medically documented history of the disorder over a period of at least two years. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(c), 12.06(c), 12.15(c).

Under the "paragraph B" criteria, the ALJ found that Plaintiff has moderate limitations in all four areas, noting, among other things, that Plaintiff's treating records indicate few abnormalities in understanding, remembering, or applying information, Plaintiff has friends and continues to interact through online video games and instant messaging, Plaintiff is able to focus and maintain attention in order to play online video games for four to five hours per day, and, although she has exhibited a decline in her level of care for herself, Plaintiff has expressed motivation to improve and has been taking steps to adopt healthier habits. AR 20. Further, the ALJ found that the evidence failed to establish the presence of "paragraph C" criteria as "the claimant does not exhibit marginal adjustment despite ongoing treatment." AR 20–21.

Plaintiff argues that the ALJ erred by "cherry-picking" the record and violating his duty to fully and fairly develop the record. Dkt. 13, at 7. Contrary to Plaintiff's assertion, the ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper

evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Therefore, the ALJ was not under a duty to develop the record further. However, because the ALJ did not properly evaluate Plaintiff's symptom testimony, the medical opinion evidence, or lay witness testimony, as described in the following sections, the ALJ should reevaluate his step three findings on remand as warranted by further consideration of the evidence.

### 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[2] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she cannot work because she has major depressive disorder and bipolar

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

1 disorder, for which medication does not help. AR 307. She further alleges that she has suicidal

thoughts, that there are days when she only gets up to eat, that she gained 120 pounds, which makes

it difficult to walk, that she cannot drive anymore, and that sometimes she gets lost. AR 307.

Plaintiff alleges that she has difficulty with focus, needs to be supervised when shopping and doing

housework, gets overwhelmed easily, and cannot remember multiple instructions. AR 307–14.

Plaintiff alleges that her anxiety and depression are limiting, that her medication gives her tremors

and affects her focus, that her knees hurt, that she is tired all the time, and that reducing her bipolar

medication causes her to hear voices and music in her head. AR 256. Plaintiff alleges that she has

limitations with lifting, squatting, bending, standing, reaching, walking, kneeling, stair climbing,

memory, completing tasks, concentration, understanding, following instructions, and using hands.

AR 261, 312. The ALJ found that Plaintiff's "medically determinable impairments could

reasonably be expected to cause some of her alleged symptoms, but that her statements concerning

the intensity, persistence and limiting effects of these symptoms are not entirely consistent with

the medical evidence and other evidence in the record . . . ." AR 22.

        Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discounting

Plaintiff's symptom testimony. Dkt. 13, at 7. The ALJ found that, although Plaintiff alleged both

physical and mental incapacity due to trauma experienced when she was 19 years old, Plaintiff

was able to obtain a black belt and teach martial arts students from 2009 until 2012. AR 22, 46–

48. Plaintiff argues that this is irrelevant to Plaintiff's mental health in 2017. Dkt. 13, at 8. An ALJ

may discount a claimant's allegations of a disabling condition when the claimant worked in the

past, despite having that same condition without significant worsening at the alleged disability

onset date. *Gregory v. Bowen*, 844 F.2d 664, 666–67 (9th Cir. 1988). Here, Plaintiff had

experienced a psychotic break in May 2017 that required hospitalization. AR 347. Plaintiff further

ORDER
PAGE - 7

1   testified that she realized she was transgender around 2012 and that, between 2012 and 2017,

2   Plaintiff's weight increased from 175 to 300 pounds. AR 57–59. Because the evidence of record

3   shows that Plaintiff's mental and physical condition had significantly worsened in the years since

4   she worked, the ALJ did not provide clear or convincing reasons for discounting Plaintiff's

5   testimony regarding debilitating physical and mental health symptoms based on her ability to work

6   prior to the onset of Plaintiff's disability.

7          Plaintiff argues that the ALJ erred in evaluating Plaintiff's activities. Dkt. 13, at 9. An ALJ

8   may consider daily activities in evaluating a claimant's testimony regarding his physical

9   limitations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a

10  substantial part of his day engaged in pursuits involving the performance of physical functions that

11  are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an

12  allegation of disabling pain." (emphasis in original)). The ALJ found that Plaintiff reported being

13  able to continue to go to the dojo every week to re-certify as a black belt, was able to shop for

14  groceries, play video games for four to five hours at a time, and watch anime. AR 22. Based on

15  Plaintiff's activities, the ALJ found that Plaintiff "is not as physically limited as she has alleged

16  and also that she is not unable to leave her house or interact with others." AR 22. The ALJ's

17  findings regarding Plaintiff's activities, however, are not clearly inconsistent with Plaintiff's

18  testimony of debilitating mental health symptoms, including Plaintiff's testimony that she

19  experiences suicidal thoughts, anxiety, and depression, has difficulty with focus, needs to be

20  supervised when shopping and doing housework, gets overwhelmed easily, and cannot remember

21  multiple instructions. AR 307–14. Therefore, the ALJ did not provide clear or convincing reasons

22  for discounting Plaintiff's testimony regarding debilitating mental health symptoms based on

23  inconsistencies with Plaintiff's level of activities.

Plaintiff argues that, contrary to the ALJ's finding that Plaintiff's mental health has shown continued improvement with medication, Plaintiff's symptoms have largely continued. Dkt. 13, at 9. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with treatment are not disabling for the purpose of determining disability benefits). The ALJ found that Plaintiff's mental health treatment notes in 2019 and 2020 reported that her medication was going well and "[m]ost days are good days," that her medication was helping her depression, that she experienced fewer suicidal ideation thoughts, and that "she is not dreading everything all the time." AR 23–24 (citing AR 771, 1054). However, during this same period, Plaintiff's mental health treatment providers continued to observe Plaintiff with depressed, irritable, tearful, and/or euthymic moods with suicidal ideation and low to normal affect. AR 767–73, 1048–55. The Ninth Circuit Court of Appeals has recognized that, in many mental health conditions, "[c]ycles of improvement and debilitating symptoms are a common occurrence" and that "in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement . . . and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Because the evidence shows that Plaintiff's mental health symptoms continued despite some improvement with medication, the ALJ did not provide clear or convincing reasons for discounting Plaintiff's testimony of debilitating mental health symptoms based on evidence that Plaintiff "has responded well to treatment." AR 25.

**3. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and

1    consistency factors.[3] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an

2    ALJ to specifically account for the legitimate factors of supportability and consistency in

3    addressing the persuasiveness of a medical opinion. The "more relevant the objective medical

4    evidence and supporting explanations presented" and the "more consistent" with evidence from

5    other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–

6    (2), 416.920c(c)(1)–(2).

7          Further, the Court must continue to consider whether the ALJ's analysis is supported by

8    substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

9    Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also*

10   *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021)

11   (applying the substantial evidence standard under the 2017 regulations). With these regulations

12   and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

13        A.  <u>Dr. Gary Gardner, Ph.D. and Dr. Rita Flanagan, Ph.D.</u>

14         Drs. Gardner and Flanagan reviewed Plaintiff's records and opined that Plaintiff "retains

15   the mental residual functional capacity to carry out simple instructions, maintain concentration,

16   persistence, and pace for up to two hours continuously, maintain adequate attendance and complete

17   a normal work day and work week within normal tolerances." AR 26–27.

18         The regulations require the ALJ to articulate the persuasiveness of each medical opinion

19   and explain how the ALJ considered the supportability and consistency factors for that opinion.

20   20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Drs. Gardner and Flanagan's

21   opinions persuasive as they were "well-supported" by their review of the evidence and they were

22

23

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

1   "consistent with the evidence as a whole." AR 26–27.

2         Plaintiff argues that Drs. Gardner and Flanagan's opinions are not supported by substantial

3   evidence. Dkt. 13, at 10–11. Further, Plaintiff argues that the ALJ failed to consider the lack of

4   examining relationship with Drs. Gardner and Flanagan. Dkt. 16, at 7. Under the new regulations,

5   an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to

6   any medical opinion(s) or prior administrative medical finding(s)," including those of examining

7   physicians. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Further, Plaintiff fails to identify a specific

8   error in the ALJ's evaluation of the opinions of Dr. Gardner and Flanagan and, therefore, has not

9   shown that the ALJ erred. *See generally Carmickle*, 533 F.3d 1161 n.2 (declining to address issues

10  not argued with any specificity); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all

11  times, the burden is on the claimant to establish her entitlement to disability insurance benefits.").

12  Nevertheless, because this matter is remanded on other grounds as described herein, the ALJ

13  should reevaluate the opinions of Dr. Gardner and Dr. Flanagan as warranted by further

14  consideration of the evidence on remand.

15        B.  <u>Dr. David Mashburn, Ph.D.</u>

16        On September 19, 2019, Dr. Mashburn evaluated Plaintiff and opined that Plaintiff had

17  marked limitation in her ability to perform activities within a schedule, maintain regular

18  attendance, and be punctual within customary tolerances without special supervision, and marked

19  limitation in her ability to complete a normal work day and work week without interruptions from

20  psychologically based symptoms. AR 355. Dr. Mashburn further found that Plaintiff had moderate

21  limitations in her ability to understand, remember, and persist in tasks by following detailed

22  instructions, make simple work-related decisions, ask simple questions or request assistance,

23  communicate and perform effectively in a work setting, maintain appropriate behavior in a work

1    setting, and set realistic goals and plan independently. AR 355. Dr. Mashburn found that Plaintiff

2    had marked limitation in her overall severity. AR 355.

3        The ALJ found Dr. Mashburn's assessment of moderate limitations in most areas of

4    functioning to be persuasive but found that the doctor's assessment of marked limitations to be

5    unpersuasive because the assessment of marked limitation was "not supported by [the doctor's]

6    findings, by the other evidence of record, or with the claimant's prior or current activities." AR 25–

7    26.

8        Plaintiff argues that the ALJ failed to acknowledge and reconcile contrary evidence in the

9    record, including Plaintiff's Hamilton rating scale of 23 and PHQ-9 score of 19. Dkt. 13, at 11

10   (citing AR 358, 658); Dkt. 16, at 6–7. The ALJ is responsible for assessing the medical evidence

11   and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec.*

12   *Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Here, however, Plaintiff fails to identify a conflict

13   in the record that the ALJ failed to resolve. Rather, Plaintiff offers an alternative interpretation of

14   the evidence, the existence of which does not show that the ALJ erred. *See Batson v. Comm'r of*

15   *Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Burch*, 400 F.3d at 679. Where the ALJ's

16   interpretation of the evidence is reasonable and supported by substantial evidence, the Court

17   should not second-guess it, even if the ALJ's interpretation is not the only reasonable one. *Rollins*

18   *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Therefore, Plaintiff has failed to show that the

19   ALJ erred by failing to reconcile conflicts with Dr. Mashburn's opinion.

20       Plaintiff further argues that the ALJ erred in evaluating Dr. Mashburn's assessment because

21   "Dr. Mashburn's opinions must be taken as a whole and in context." Dkt. 13, at 11. An ALJ may

22   reject a medical opinion based on inconsistency between the opinion and the doctor's treatment

23   notes and between the opinion and the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041

ORDER
PAGE - 12

1    (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ found that,

2    during the examination with Dr. Mashburn, Plaintiff "did not exhibit any abnormalities on mental

3    status examination that would support marked limitations," including, among other things, that she

4    wore appropriate clothing, had good hygiene, made good eye contact, had appropriate facial

5    expressions, had goal-oriented speech, and clear articulation, and that her concentration, abstract

6    though, insight, and judgment were found to be within normal limits. AR 25–26. However, Dr.

7    Mashburn also found that Plaintiff's perception and memory were not within normal limits, that

8    Plaintiff was "somewhat confused at times about dates," that Plaintiff "sobbed violently" when

9    describing past trauma, and that Plaintiff relied on her mother for some questions due to fogginess.

10   AR 356–57. The ALJ did not properly evaluate this supporting evidence as required by the

11   regulations. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Therefore, the ALJ did not

12   reasonably find Dr. Mashburn's assessment of marked limitations inconsistent with the

13   Dr. Mashburn's clinical findings and observations, and the ALJ's error was harmful because it

14   resulted in an RFC assessment that did not account for all of Plaintiff's assessed limitations.

15       C.  Dr. David Widlan, Ph.D.

16       On July 22, 2020, Dr. Widlan examined Plaintiff and opined that the "Mental Status

17   Examination and clinical interview indicated severe deficits in emotional functioning" and that

18   Plaintiff "is clearly unable to maintain employment due to the severity of her mood difficulties as

19   well as anxiety associated with PTSD and gender dysphoria." AR 966. Dr. Widlan further opined

20   that Plaintiff was not be able to accept even simple instructions, would become overwhelmed and

21   be prone to decompensation, is unable to persist with adequate pace, and becomes easily

22   overwhelmed by simple tasks demands. AR 966. Dr. Wildan opined that Plaintiff met the criteria

23   for mental health listing for 12.04, 12.06, and 12.15. AR 966.

1    The ALJ found Dr. Widlan's opinion to be unpersuasive "as it is not supported by his own
2    examination findings and clinical observations." AR 27. Further, the ALJ found that Dr. Widlan
3    failed to explain how Plaintiff worked as a martial arts instructor with the described limitations
4    and that Dr. Widlan appeared to have "simply relied on the information provided by the claimant
5    and her mother." AR 27–28.

6    Plaintiff argues that the ALJ erred by ignoring Dr. Widlan's extensive records review,
7    including the hospital records, Dr. Mashburn's evaluation, and 66 counseling sessions over three
8    years at Seattle Counseling Service. Dkt. 13, at 12. Plaintiff asserts that Dr. Widlan's opinions are
9    "the most well supported because he not only interviewed and tested [Plaintiff], but also reviewed
10   and synthesized the entire record.' *Id.* at 12. Under the supportability factor, "[t]he more relevant
11   the objective medical evidence and supporting explanations presented by a medical source are to
12   support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."
13   20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Here, the ALJ found that Dr. Widlan's assessment
14   was not supported by the doctor's examination findings and clinical observations, including that
15   Plaintiff was able to make goal-directed statements, follow the clinical interview, made no
16   tangential or circumstantial comments, had no unusual speech in terms of voice, volume, or
17   articulation, was able to identify some time periods for life events, repeat five digits forward and
18   three digits backward. AR 27. The ALJ, however, does not identify any meaningful inconsistency
19   between Dr. Widlan's observations and the doctor's opinion. Plaintiff's ability to perform certain
20   activities during a mental health evaluation does not clearly undermine Dr. Widlan's assessment
21   that Plaintiff is unable to maintain employment due to her mental health impairments. *See Fair*,
22   885 F.3d at 603 ("The Social Security Act does not require that claimants be utterly incapacitated
23   to be eligible for benefits . . . ."). Further, Dr. Widlan based his opinion on Plaintiff's self-reported

ORDER
PAGE - 14

symptoms, behavioral observations, testing results, and a comprehensive review of Plaintiff's record (AR 960–66), and the ALJ acknowledged that Dr. Widlan reported that Plaintiff "had poor grooming, described herself as depressed, and appeared very reliant on her mother, who accompanied her and provided information through the evaluation." AR 27. The ALJ did not properly evaluate this supporting evidence under the supportability factor. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Therefore, the ALJ rejection of Dr. Widlan's opinion was not supported by substantial evidence, and this error was harmful because it resulted in an RFC determination that did not account for all of Plaintiff's assessed limitations.

D.  Diedre McHugh ANRP

Ms. McHugh provided a letter dated September 12, 2019, in which Ms. McHugh stated that Plaintiff "continues to suffer from chronic suicidal ideations, and she has difficulty functioning in her day-to-day life" and that "it is still necessary for her to have parental oversight for managing her medications." AR 656. Ms. McHugh further stated that Plaintiff's "condition of Bipolar Disorder, though manageable, is chronic, and she will continue to have exacerbations despite treatment, throughout her life." AR 656.

Plaintiff argues that the ALJ erred by not articulating an evaluation of Ms. McHugh's statement and that the ALJ's failure to articulate his evaluation of Ms. McHugh's statement "abdicated his duty to fully and fairly develop the record to assure that the claimant's interests were considered." Dkt. 13, at 12; Dkt. 16, at 8. "The ALJ must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041. However, "the ALJ is not required to discuss evidence that is neither significant nor probative." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Here, Ms. McHugh stated that Plaintiff has difficulty functioning and that Plaintiff's condition will continue to exacerbate, yet Ms. McHugh did not assess any functional

ORDER
PAGE - 15

limitations.[4] AR 656; *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.2001) (an opinion that a claimant is disabled is not binding on the ALJ). Because Ms. McHugh did not provide an assessment of functional limitations, the ALJ did not err by not articulating his evaluation of Ms. McHugh's statement. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that an ALJ did not need to provide clear and convincing reasons for rejecting a medical opinion that did not identify any specific limitations or conflict with the ALJ's RFC determination). Further, contrary to Plaintiff's assertion, the ALJ did not find that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation, such that the ALJ was not under a duty to develop the record further. *See Mayes*, 276 F.3d at 459–60. Nevertheless, because this matter is remanded on other grounds as described herein, the ALJ should reevaluate Ms. McHugh's statements as warranted by further consideration of the evidence on remand.

### 4. Lay Witness Testimony

Plaintiff contends that the ALJ failed to properly evaluate the law witness testimony of Plaintiff's mother. Dkt. 13, at 13. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

In September 2019, Plaintiff's mother reported that Plaintiff is unable to focus, is tired all of the time, does not do self-care without her mother's intervention, injured her leg, and has gained

---

[4] Plaintiff argues in her reply brief that Plaintiff's inability to manage her medications and practice basic hygiene show that "she likely can't stay on task over a normal workday and workweek." Dkt. 16, at 8. Plaintiff's alternative interpretation of the evidence, however, does not deprive the ALJ's findings of substantial evidence. *Morgan*, 169 F.3d at 599.

ORDER
PAGE - 16

1   100 pounds. AR 235. In August 2020, Plaintiff's mother reported that Plaintiff sleeps 20 hours a

2   day, slowly does chores and misses steps, seems unable to concentrate on the TV, has terrible

3   personal hygiene, has thoughts of suicide, and continues to gain weight, which appears to affect

4   her stamina. AR 305–06. The ALJ found that the testimony of Plaintiff's mother is not entirely

5   consistent with the information contained in the treating records and did not find that Plaintiff's

6   mother's "statements warrant the establishment of any limitations beyond those set forth herein."

7   AR 28.

8       Plaintiff argues that the ALJ erred by discounting Plaintiff's mother's testimony because

9   "the ALJ's reasoning is premised on a flawed interpretation of the medical evidence in the record."

10  Dkt. 13, at 13. The Court agrees. As described above, the ALJ did not properly evaluate the medical

11  opinion evidence of record or Plaintiff's symptom testimony. Therefore, the ALJ did not provide

12  germane reasons for rejecting the testimony of Plaintiff's mother based on inconsistencies with the

13  medical record.

14  **5.  VE Testimony and RFC**

15      At step four, the ALJ must identify the claimant's functional limitations or restrictions and

16  assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR

17  96-8p. The RFC is the most a claimant can do considering her limitations or restrictions. *See* SSR

18  96-8p. At step five, the Commissioner has the burden "to identify specific jobs existing in

19  substantial numbers in the national economy that claimant can perform despite her identified

20  limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony,

21  the ALJ concluded that Plaintiff was capable of performing the requirements of representative

22  occupations such as inspector/hand packager, routing clerk, and agricultural sorter. AR 30.

23      Plaintiff argues that the ALJ failed to include in his hypothetical to the VE limitations that

account for Plaintiff's time off-task, periodic meltdowns, and absences. Dkt. 13, at 14. As described above, the ALJ erred in evaluating the evidence of record, including the medical opinion evidence, Plaintiff's symptom testimony, and lay witness testimony. Because the ALJ's RFC assessment did not account for all of the assessed limitations, the ALJ must reevaluate his step four and step five findings on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 22nd day of November, 2021.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 18